## CIVIL ACTION NO. 4:25-CV-2649

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

## TRINITY EXCAVATORS, LLC *et al.*

Appeal from the
*Order Dismissing Case With Prejudice*, entered on April 30, 2025, by the United
States Bankruptcy Court for the Southern District of Texas (Houston Division) in
*In re Trinity Excavators, LLC et al.* (Bankr. Case No. 24-35266) (jointly
administered)

## BRIEF OF APPELLANTS, TRINITY EXCAVATORS, LLC AND TE CONSTRUCTION GROUP, LLC

**KATHERINE T. GARBER**
State Bar No. 07626985
Federal Bar No. 10584
**NATALIE A. FLANAGAN**
State Bar No. 24143995
Federal Bar No. 3897731
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile
kgarber@clarkhill.com
nflanagan@clarkhill.com

*Counsel for Appellants, Trinity Excavators, LLC
and TE Construction Group, LLC*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Bankruptcy Procedure 8012(a), appellant Trinity Excavators, LLC hereby states that it does not have any parent corporation or any publicly held corporation that owns 10% or more of its stock.

Pursuant to Federal Rule of Bankruptcy Procedure 8012(a), TE Construction Group, LLC hereby states that it does not have any parent corporation or any publicly held corporation that owns 10% or more of its stock.

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellants respectfully request that the Court schedule oral argument in this appeal.  Appellants submit that oral argument will aid the Court in resolving the issues presented herein.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

**I.    JURISDICTIONAL STATEMENT**................................................1

**II.    PRELIMINARY STATEMENT**..................................................1

**III.    ISSUES PRESENTED AND STANDARD OF REVIEW**........................2

**IV.    STATEMENT OF THE CASE** ................................................4

**V.    STATEMENT OF FACTS** ....................................................8

**VI.    SUMMARY OF ARGUMENT** ................................................12

**VII.    ARGUMENT**................................................................13

> **A.    The Bankruptcy Court abused its discretion and committed a reversible error when it dismissed Debtors' Chapter 11 bankruptcy proceedings with prejudice, *sua sponte*, without notice or an opportunity to be heard.**...........13

> **B.    The Bankruptcy Court abused its discretion and committed a reversible error, when it dismissed Debtor's Chapter 11 bankruptcy proceeding with prejudice, sua sponte, and prohibited Debtors from filing another bankruptcy proceeding for a period of six (6) months.**..................................16

**VIII.    CONCLUSION**................................................................18

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*In re Benzeen Inc.,* No. 1:17-BK-13113-MT, 2019 Bankr. LEXIS 715, at *7 (B.A.P. 9th Cir. Mar. 6, 2019) 2019. Bankr. LEXIS 715 (B.A.P. 9th Cir. Mar. 6, 2019)....2, 19

*Coleman v. Sweetin*, 745 F.3d 756 (5th Cir. 2014).......................................................4

*In re Cahill*, 428 F.3d 536 (5th Cir. 2005) ................................................................4

*In re Gonic Realty Trust*, 909 F. 2d 624 (1st Cir. 1990) ............................................18

*In re Irasel Sand, LLC*, 569 B. R. 433, 439 (Bankr. S. D. Tex. 2017)......................3

*In re Maher*, No. 12-2718, 2013 U.S. Dist. LEXIS 138505, at *4 (E.D. La. Sep. 23, 2013 ....................................................................................................................17

*In re Odam*, No. 17-50035-RLJ7, 2019 Bankr. LEXIS 1229, at *9 (Bankr. N.D. Tex. Apr. 16, 2019) ............................................................................................17

*Matter of Sadkin*, 36 F.3d 473 (5th Cir. 1994).............................................................3

*In re Santiago Vela*, 87 B.R. 229 (Bankr. D.P.R. 1988)............................................18

*In re Woerner*, 783 F.3d 266 (5th Cir. 2015)................................................................3

*In re Mirant Corp.*, 378 F. 3d 511, 523 (5th Cir. 2004) ...........................................16

*In re Sanders*, No. 8:15-BK-14615-TA, 2016 Bankr. LEXIS 2609, *5 (B.A.P. 9th Cir. July 15, 2016) ...........................................................................................19

*Sealed Appellant v. Sealed Appellee*, 452 F.3d 415 (5th Cir. 2006)...........................4

**Statutes**

11 U.S.C. §§101-1501 *et seq* .....................................................................................4

11 U.S.C. § 105(a)……………………………………………..…3, 14, 15, 16

11 U.S.C. §§1107-1108..............................................................................................4

11 U.S.C. § 1112(b)(1)................................................... 2, 3, 14, 15, 16, 18, 19

28 U.S.C. § 158(a)(1)...............................................................................................1

Fed. R. Bankr. P. 8002..........................................................................................1

## I.   JURISDICTIONAL STATEMENT

The United States District Court for the Southern District of Texas (the "Court") has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) because the *Order Dismissing Case* (the "Dismissal Order") Bankruptcy Docket No. 131) [App. 0057][1] entered on April 30, 2025 by the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") is a final order (appealable as of right). Appellants filed a *Motion to Reconsider Dismissal of Case* (Bankruptcy Docket No. 135)[App. 0231] on May 1, 2025. The Bankruptcy Court denied the Motion to Reconsider on May 2, 2025 (Bankruptcy Docket No. 137)[App. 0244]. Appellants then filed a *Second Motion to Reconsider Dismissal of Case* on May 14, 2025 (Bankruptcy Docket No. 142)[App. 0246]. The Bankruptcy Court then issued an *Order Denying Motion to Reconsider Dismissal of Case* (the "Revised Order", Bankruptcy Docket No. 145)[App. 0267]. The Revised Order was entered on May 19, 2025, and the *Notice of Appeal* was timely filed on June 2, 2025 (Bankruptcy Docket No. 149)[App. 0269]. *See* Fed. R. Bankr. P. 8002(a)(1).

## II.   PRELIMINARY STATEMENT

This appeal presents important questions concerning the fundamental right to due

---

[1] Except as otherwise provided in this Brief, references to "Bankruptcy Docket No. ___" are to the docket number of the lead jointly-administered case of Trinity Excavators, LLC and TE Construction Group, LLC (Case No. 24-35266). References to "App. ___" are to the page numbers in the Appendix filed contemporaneously with this Brief.

process for parties in interest in a bankruptcy proceeding prior to a *sua sponte* dismissal of a bankruptcy proceeding with prejudice. The decisional law is clear that due process, through notice and an opportunity to be heard, is paramount, and to deprive parties of the same is reversible error. *In re Benzeen Inc.,* No. 1:17-BK-13113-MT, 2019 Bankr. LEXIS 715, at *7 (B.A.P. 9th Cir. Mar. 6, 2019) (opining that while dismissal of the bankruptcy case may be inevitable, a bankruptcy court may not "cut to the chase" in a manner that deprives a party of due process, thereby committing reversible error); *In re Odam*, No. 17-50035-RLJ7, 2019 Bankr. LEXIS 1229, at *4 (Bankr. N.D. Tex. Apr. 17, 2019) (opining that courts have considered whether *sua sponte* dismissals violate due process and, generally, conclude that they do not if the debtor was provided notice and an opportunity for a hearing).

## III.   ISSUES PRESENTED AND STANDARD OF REVIEW

This appeal involves the following main issues:

**A. Whether the Bankruptcy Court abused its discretion, or committed reversible error, when it dismissed Debtors' Chapter 11 bankruptcy proceedings with prejudice, *sua sponte*, without notice or an opportunity to be heard.**

Before a bankruptcy court can *sua sponte* dismiss a case, it must ensure there is proper notice and hearing. *In re Irasel Sand, LLC*, 569 B. R. 433, 439 (Bankr. S. D. Tex. 2017); *see* 11 U.S.C. § 1112(b)(1). Such a dismissal should also be in "the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). Whether an appellant's due process rights were violated is a question of law that is reviewed de novo. *In re*

*Benzeen Inc.,* No. 1:17-BK-13113-MT, 2019 Bankr. LEXIS 715, at *7 (B.A.P. 9th Cir. Mar. 6, 2019).

A decision to dismiss a case pursuant to Section 105(a) or Section 1112(b) of the Bankruptcy Code is reviewed for abuse of discretion. *Matter of Sadkin*, 36 F.3d 473, 478-79 (5th Cir. 1994) (holding that Section 105(a) grants equitable powers for the bankruptcy court to exercise subject to an abuse of discretion standard of review); *In re Benzeen Inc.,* No. 1:17-BK-13113-MT, 2019 Bankr. LEXIS 715, at *7 (B.A.P. 9th Cir. Mar. 6, 2019); *see also In re Woerner*, 783 F.3d 266, 270-71 (5th Cir. 2015) ("An abuse of discretion occurs where the bankruptcy court (1) applies an improper legal standard or follows improper procedures..., or (2) rests its decision on findings of fact that are clearly erroneous."); *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005).

**B. Whether the Bankruptcy Court abused its discretion, or committed reversible error, when it dismissed Debtor's Chapter 11 bankruptcy proceeding with prejudice, *sua sponte* and prohibited Debtors from filing another bankruptcy proceeding for a period of six (6) months.**

The decision of the Bankruptcy Court to prohibit Debtors from filing another bankruptcy proceeding for a period of 6 months is reviewed for abuse of discretion. *See generally In re Woerner*, 783 F.3d at 270-71. A dismissal with prejudice shall be affirmed "only on a showing of a clear record of delay or contumacious conduct by the [debtor] ..., and where lesser sanctions would not serve the best interests of justice." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) (internal citation marks and citations omitted). Because this test is conjunctive, both

elements must be present. *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).

## IV.    STATEMENT OF THE CASE

On November 6, 2024 (the "Petition Date"), Trinity Excavators, LLC ("Trinity") and TE Construction Group, LLC ("TE", and together with Trinity, "Debtors" or "Appellants") each filed petitions for relief under Chapter 11 (the "Chapter 11 Cases") of the United States Bankruptcy Code 11 U.S.C. §§101-1501 *et seq*. (the "Bankruptcy Code"). Debtors were managing the assets of their respective bankruptcy estates as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. The Bankruptcy Court did not appoint any trustee, examiner, or official committee in the Chapter 11 Cases.

On November 7, 2024, the Bankruptcy Court entered an order requiring Debtors to file a disclosure statement and a plan of reorganization not later than one hundred and twenty (120) days after the order (the "November 7th Order"). This deadline continued through March 6, 2025.

As Debtors worked through formulating their disclosure statement and plan of reorganization, Debtors sought and received extensions of the November 7th Order to file a disclosure statement and a plan of reorganization through and including April 28, 2025 (the "Plan Filing Deadline").

On April 28, 2025, Third Coast Bank, SSB ("Third Coast Bank") filed its *Motion for Relief from Automatic Stay of Act Against Collateral and Waiver of Thirty*

-4-

*Day Hearing Requirement* (the "Motion for Relief from Stay", Bankruptcy Docket No. 129) [App. 0047]  in order to terminate the automatic stay under Section 362 of the Bankruptcy Code and liquidate certain equipment and vehicles of Trinity that was surrendered to Third Coast Bank in the fall of 2023, a year prior to the Petition Date (the "Surrendered Trinity Equipment"). The Surrendered Trinity Equipment was solely an asset of Trinity and was never used in TE's business. Trinity has not operated since September 2023.  At no time during the Chapter 11 Cases did Debtors use the Surrendered Trinity Equipment. To the contrary, the Surrendered Trinity Equipment was segregated and made available to Third Coast Bank by Trinity in October 2023.  To that end, Debtors never had any reason to retain or offer adequate protection to Third Coast Bank during the Chapter 11 Cases and Debtors fully intended to consent to the Motion for Relief from Stay.

On April 30, 2025, the Bankruptcy Court entered its *Order Dismissing Case* (the "Dismissal Order", Bankruptcy Docket No. 131) [App. 0057].

On May 1, 2025, Debtors filed their *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization, dated May 1, 2025* (the "Disclosure Statement", Bankruptcy Docket No. 133) [App. 0058] and the *Joint Chapter 11 Plan of Reorganization, dated May 1, 2025* (the "Plan", Bankruptcy Docket No. 134) [App. 0172].

Contemporaneously with the filing of the Disclosure Statement and the Plan, Debtors' filed their *Motion for Reconsideration of Court's Dismissal of Case With Prejudice* (the "First Motion to Reconsider", Bankruptcy Docket No. 135) [App. 0231] and the *Motion for Expedited Consideration of the Motion for Reconsideration of Court's Dismissal of Case With Prejudice* (the "Motion for Expedited Consideration", Bankruptcy Docket No. 136) [App. 0238].

On May 2, 2025, the Bankruptcy Court promptly entered its *Order Denying Motions* (Bankruptcy Docket No. 137) [App. 0244], denying the First Motion to Reconsider and the Motion for Expedited Consideration. In the *Order Denying Motions*, the Bankruptcy Court stated that the Chapter 11 Cases suffer from neglect and want of prosecution. As support, the Bankruptcy Court cited to Third Coast Bank's Proof of Claim and the Motion for Relief from Stay and concluded that such allegations, taken as true, casts doubt on Debtors' position in the First Motion to Reconsider that "no creditor is prejudiced nor suffering harm through the granting of the [Motion to Reconsider]." The Bankruptcy Court found the Motion for Relief from Stay and Debtors' violating the Plan Filing Deadline to be evidence of delay without an ability to meaningfully advance a plan to restructure. Overall, the Bankruptcy Court found that "the delay in proposing a Chapter 11 Plan not only violated a Court order with an imposed deadline but also is delay that is prejudicial to creditors." (*Order Denying Motions*, Bankruptcy Docket No. 137) [App. 0244].

-6-

In response to the First Order Denying Motions, Third Coast Bank, the largest creditor in the Chapter 11 Cases, filed a *Motion for Reconsideration of Court's Dismissal of Case With Prejudice* (the "TCB Motion to Reconsider", Bankruptcy Docket No. 144) [App. 0258] on the same day that the Appellants' filed their *Second Motion for Reconsideration of Court's Dismissal of Case With Prejudice* ("Second Motion to Reconsider", Bankruptcy Docket No. 142) [App. 0246], both dated May 14, 2025. The TCB Motion to Reconsider outlined substantial communication between Appellants' counsel and Third Coast Bank's counsel regarding the negotiations of the Plan, stating outright that if Appellants are operating at an improved and profitable level as stated by Appellants' counsel then "it is in the best interest of these Debtors and their creditors to continue with the process of negotiating a plan." *Id.* Further, the TCB Motion to Reconsider explicitly asked the Bankruptcy Court for an opportunity for a hearing to address whether continuing under Chapter 11, dismissal, or conversion is in the best interests of the estate and the creditors. *Id.*

On May 19, 2025, despite Third Coast Bank's request, the Bankruptcy Court filed a second Order Denying Motions (the "Second Order Denying Motions", Bankruptcy Docket No. 145) [App. 0267] denying both the TCB Motion to Reconsider and the Second Motion to Reconsider. The Bankruptcy Court reiterated the same reasoning used in its first Order Denying Motions; however, it additionally

held that the addition of the TCB Motion to Reconsider did not substantiate that the delay was not prejudicial to creditors, as even though Third Coast Bank is a "major creditor" of the Appellants, it is not the only creditor. See *Second Order Denying Motions*, Bankruptcy Docket No. 145 [App. 0267]. The Bankruptcy Court concluded that a hearing was not necessary as the case was dismissed by the Court for failure to abide by a Court order and a determination of such a violation does not require a hearing as the Court "has inherent authority to enforce its own orders." *Id*. In sum, the Bankruptcy Court denied the First Motion to Reconsider and the Second Motion to Reconsider, as well as the TCB Motion to Reconsider from a major creditor (collectively the "Motions to Reconsider").

Following denial of the last of the Motions to Reconsider, a Notice of Appeal was timely filed on June 2, 2025. (Bankruptcy Docket No. 149) [App. 0269].

V.    STATEMENT OF FACTS

Appellants find the following factual information, previously set forth in the *Declaration of Brian Buttry in Support of Chapter 11 Petitions and Preliminary Motions* (Bankruptcy Docket No. 13) [App. 0001], to be relevant:

> (i) From the outset of the Chapter 11 Cases and since September 2023, Trinity has not operated as a going concern. Trinity faced substantial cash flow challenges following a leveraged buyout of its then 100% owner, Donald Pyburn.  Specifically, Trinity obtained the following two loans from Third Coast Bank in connection with Brian Buttry's buyout of 100% of the equity interests in Trinity from Donald Pyburn in November 2022:

a) The first loan was essentially the refinancing of an existing revolving line of credit (RLOC #10033769), and evidenced by a promissory note dated November 7, 2022, issued by Trinity to Third Coast Bank in the principal amount of $1,500,000.00 ("Loan One"). Loan One is secured by all of Trinity's accounts receivable and evidenced by a duly perfected UCC-1 Financing Statement recorded with the Texas Secretary of State on November 8, 2022, under Filing No. 22-0054435287.

b) The second loan was a ten-year term loan evidenced by a U.S. Small Business Administration Note, dated November 7, 2022, issued by Trinity and Brian Buttry in favor of Third Coast Bank for the principal amount of $2,605,000.00 ("Loan Two"). Loan Two is secured by a blanket assignment of all assets of Trinity, including but not limited to all inventory, accounts, equipment, and chattel paper and evidenced by duly perfected UCC-1 Financing Statements recorded with the Texas Secretary of State at Filing Nos. 22-0048998517 (on October 5, 2022), 22-0054435287 (on November 8, 2022), and 22-0056328088 (on November 18, 2022).

As a result, the buyout fully encumbered Trinity's assets and left the company with little to no working capital to support its future operations. To that end, Trinity immediately experienced significant financial issues. While it attempted to resolve such issues through borrowing additional funds at usurious rates and terms and seeking creditor cooperation, the issues could not be overcome, and Trinity ceased operations on September 17, 2023.

(ii)    In the fall of 2023, utilizing Brian Buttry's industry contacts, TE, a separate and distinct entity, began to obtain and perform substantial work following the close of Trinity.

(iii)   In the fall of 2023, Third Coast Bank, as well as multiple subcontractors and suppliers of Trinity, began to pursue litigation against Trinity, Brian Buttry personally, and TE (as an alleged successor to Trinity). Despite the ongoing litigation, TE was able to drive its business operations forward and generate steady

revenues, pay its debts in the ordinary course of business, and maintain a pipeline of future opportunities. However, TE's viability was ultimately substantially threatened by the various litigation commenced by creditors of Trinity, as these legal challenges proved costly to defend, posed potential liabilities, and consumed significant time and resources. For these reasons, Trinity and TE commenced the Chapter 11 Cases. The goal of the Chapter 11 Cases was to consolidate the assets and liabilities of Trinity and TE together and propose a restructuring plan for the consolidated entities. The Disclosure Statement and the Plan, filed on May 1, 2025, lay out such a proposal in a comprehensive fashion.

At the time of the commencement of the Chapter 11 Cases, TE was the only entity operating between Debtors. TE independently did not have any secured creditors and therefore had the absolute right to use its cash to operate in the ordinary course of business without restriction.

However, as it was the eventual plan of Debtors to consolidate their collective entities, assets and liabilities, within two weeks of commencing the Chapter 11 Cases (on November 18, 2024) Debtors filed their *Motion for Substantive Consolidation of Chapter 11 Cases* (the "Consolidation Motion") whereby Debtors sought an order allowing their creditors and stakeholders to be combined together (Bankruptcy Docket No. 14)[App. 0022].

To the extent the Consolidation Motion was granted, Third Coast Bank's first priority lien on Trinity's assets would have attached to TE's assets. Anticipating the Motion to Consolidate being granted, TE contemporaneously filed (on November 18, 2024) its contingent *Motion for Authority to Use Cash Collateral* (Bankruptcy Docket No. 15)[App. 0033], pursuant to which it sought to acknowledge Third Coast Bank's first priority lien on TE's assets, lay out an operating budget, and provide adequate protection to Third Coast Bank.

However, on December 18, 2024, the Court denied the Motion to Consolidate (Bankruptcy Docket No. 73)[App. 0046].

As a result, TE continued to operate as an independent entity and was still permitted to use its cash in the ordinary course of business without

-10-

restriction.  Third Coast Bank never discussed or sought any form of adequate protection as to TE.

To be clear, Trinity was not operational and was not using or attempting to use any cash collateral of Third Coast Bank at any time during these Chapter 11 Cases.  As set forth in the Motion for Relief from Stay, "Third Coast Bank has possession of the [Surrendered Trinity Equipment] since before the bankruptcy case was filed; accordingly [Trinity] has no need for the [Surrendered Trinity Equipment]." Motion for Relief from Stay at ¶7.

Eventually, on April 28, 2025, Third Coast Bank decided it wanted to liquidate the Surrendered Trinity Equipment and hence it filed the Motion for Relief from Stay (Bankruptcy Docket No. 129)[App. 0047]. Trinity, as set forth above, was always willing to consent to the Motion for Relief from Stay.  At no time did Third Coast Bank expect or desire any form of adequate protection from Trinity.

As to the performance of TE since the commencement of the Chapter 11 Cases, TE has truly thrived as a company. As set forth in TE's monthly operating reports, since the Petition Date and through February 28, 2025, TE generated gross income in excess of $2.8 million, has $1.2 million of collectible accounts receivable, and established an additional $10.6 million in contract billings across 9 customer projects (work in progress).[2]  At these levels, TE had sufficient "excess cash" to meet its ongoing obligations, as well as support all payments due under the Plan. In addition, Debtors routinely filed their monthly operating reports, fulfilled their reporting and diligence duties with the Office of the United States Trustee, and have consistently responded to inquiries of the United States Trustee through the pendency of these Chapter 11 Cases.
Given the foregoing, and although creditors (including Third Coast Bank) still need to fully vet and vote on the Plan, Appellants submit that creditors have not been prejudiced by Debtors' delay in filing the Disclosure Statement and the Plan.  To the contrary, TE stabilized its

---

[2] Financial reporting for the four-month period between the Petition Date and February 28, 2025. *See*, e.g., Monthly Operating Reports filed at Bankruptcy Docket Nos. 31 (Bankruptcy Case No. 24-35267), 92, 107, and 114; Exhibit B to Disclosure Statement at Bankruptcy Docket No. 133.

operations during the Chapter 11 Cases and is ready – and has its key clients, vendors, and supporters ready – for an emergence.

## VI.   SUMMARY OF ARGUMENT

Movants submit that before the Bankruptcy Court can *sua sponte* dismiss a case pursuant to Section 105(a) and/or Section 1112(b) of the Bankruptcy Code, at a minimum, it must ensure there is proper notice and a hearing. The Bankruptcy Court committed reversible error when it dismissed the Chapter 11 Cases with prejudice through the Dismissal Order, without affording parties in interest due process through notice and an opportunity to be heard. In addition, the dismissal was entered with prejudice and a bar for refiling for six months, an abuse of the Bankruptcy Court's discretion that went against the interests of creditors and could in no manner be considered serving the best interest of justice, given the actual posture of the Chapter 11 Cases and TE's operational performance. The Bankruptcy Court's reliance on a limited indicia of purported delay through the Motion for Relief filed by a creditor for equipment surrendered to the creditor prior to the Petition Date, together with a technical violation of an imposed deadline in the first 180 days of the Chapter 11 Cases, does not alone provide a basis of prejudice to creditors nor warrant a dismissal of the Chapter 11 Cases with prejudice.

As a result, Appellants request the Court vacate the Dismissal Order and remand with instructions for notice and an opportunity to be heard by all interested parties, so that interested parties may present an evidentiary record and demonstrate

to the Bankruptcy Court that it is in the best interest of creditors and Debtors'

bankruptcy estates to allow the Chapter 11 Cases to proceed.

## VII.   ARGUMENT

### A. The Bankruptcy Court abused its discretion and committed a reversible error when it dismissed Debtors' Chapter 11 bankruptcy proceedings with prejudice, *sua sponte*, without notice or an opportunity to be heard.

Section 1112(b)(1) of the Bankruptcy Code states, in pertinent part, that the

Bankruptcy Court may dismiss a case under this chapter "after notice and a hearing"

and only if such a dismissal is in "the best interest of creditors and the estate." 11

U.S.C. § 1112(b)(1). While Section 105(a) of the Bankruptcy Code provides

discretion to a bankruptcy court, this power is "not unlimited" and must be exercised

only "as necessary to further the substantive provisions of the [Bankruptcy] Code."

*In re Mirant Corp.*, 378 F. 3d 511, 523 (5th Cir. 2004) (citation omitted). Indeed,

such powers under Section 105(a) of the Bankruptcy Code "do not permit those

courts to act as roving commissions to do equity." *Id*. Plainly, Section 105(a) cannot

be used to circumvent or disregard other sections of the Bankruptcy Code.

In this instant case, the Bankruptcy Court did not provide any notice nor an

opportunity for a hearing in advance of its *sua sponte* dismissal. However, "before

the [Bankruptcy] Court can *sua sponte* dismiss a case under §1112(b), it must ensure

there is proper notice and hearing." *In re Irasel Sand, LLC*, 569 B.R. 433, 439

(Bankr. S.D. Tex. 2017) (opining that fairness "requires both notice of the court's

-13-

intention and an opportunity to respond") (citation omitted).  Further, courts within the Fifth Circuit and beyond have long considered the impact of *sua sponte* dismissals and whether their implementation violates due process and, generally, courts have concluded that no such violation exists if the debtor was provided notice and an opportunity for a hearing. *See, e.g.*, *In re Odam*, No. 17-50035-RLJ7, 2019 Bankr. LEXIS 1229, at *4 (Bankr. N.D. Tex. Apr. 17, 2019) (opining that courts have considered whether *sua sponte* dismissals violate due process and, generally, conclude that they do not if the debtor was provided notice and an opportunity for a hearing); *In re Maher*, No. 12-2718, 2013 U.S. Dist. LEXIS 138505, at *4 (E.D. La. Sep. 23, 2013) (citing *In re Tennant*, 318 B.R. 860, 870 (9th Cir. 2004) (opining that even though the bankruptcy court has "general powers to dismiss under Section [105(a) of the Bankruptcy Code], procedural due process requires notice and an opportunity for the debtor to be heard on the issue")).

Additionally, when a bankruptcy court is determining cause for dismissal, the court is not limited to those enumerated in 11 U.S.C. §1112(b); "[a bankruptcy court], however, must exercise its sound judgment in reading a determination and must ascertain that the decision is in the best interest of the creditors. " *In re Gonic Realty Trust*, 909 F. 2d 624, 626-27 (1st Cir. 1990) (citing *In re Santiago Vela*, 87 B.R. 229, 231 (Bankr. D.P.R. 1988)).

In the instant case, the Bankruptcy Court surprised Debtors and their creditor

-14-

body at large with a *sua sponte* dismissal of the Chapter 11 Cases with prejudice. At the time of the dismissal, there was no motion to dismiss or order to show cause pending on the docket in the Chapter 11 Cases. No creditor nor the United States Trustee sought dismissal or conversion. There was simply no notice of the Bankruptcy Court's intention and no opportunity to respond.

As a result, the Bankruptcy Court clearly erred by not providing any notice or an opportunity for a hearing before its entry of the Dismissal Order, essential steps necessary to afford due process to all parties in interest in the Chapter 11 Cases. All parties in interest were deprived of due process with respect to the entry of the Dismissal Order.

Further, no cause exists to warrant the entry of the Dismissal Order. As set forth in the Motions to Reconsider, to the extent due process was afforded to parties in interest, Debtors and the largest creditor in the Chapter 11 Cases, Third Coast Bank, would have come forward to present an evidentiary record and demonstrate to the Bankruptcy Court that it is in the best interest of creditors and Debtors' bankruptcy estates to allow the Chapter 11 Cases to proceed. More specifically, as set forth in Third Coast Bank's Motion for Relief of Stay, Trinity surrendered the Trinity Surrendered Equipment to Third Coast Bank prior to the initiation of the Chapter 11 Cases, rendering the Motion for Relief entirely unrelated to Debtors performance during the Chapter 11 Cases.

-15-

As a result, Appellants submit that the decisional law is clear that such denial of due process, and together with a lack of evidence to support the contention that the Dismissal Order was in the best interests of the creditors, amounts to reversible error by the Bankruptcy Court for the entry of the Dismissal Order. *In re Sanders*, No. 8:15-BK-14615-TA, 2016 Bankr. LEXIS 2609, *5 (B.A.P. 9th Cir. July 15, 2016) (holding that while the concept of notice and a hearing pursuant to Section 1112(b) of the Bankruptcy Code may be flexible depending on the particular circumstances, it does not allow a bankruptcy court to "steamroll over a party's due process rights") (citations omitted).

Therefore, Appellants request the Court vacate the Dismissal Order and remand with instructions for the Bankruptcy Court to provide notice and set a hearing on the dismissal, to afford all partes in interest due process and an opportunity to be heard.

**B. The Bankruptcy Court abused its discretion and committed a reversible error, when it dismissed Debtor's Chapter 11 bankruptcy proceeding with prejudice, *sua sponte*, and prohibited Debtors from filing another bankruptcy proceeding for a period of six (6) months.**

The Fifth Circuit Court of Appeals has held that dismissals with prejudice will be affirmed only on a showing of "a clear record of delay or contumacious conduct by the [debtor] ..., and where lesser sanctions would not serve the best interests of justice." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) (internal citation marks and citations omitted). Section 1112(b)(1) of the Bankruptcy Code emphasizes that a court may dismiss a case under this chapter if such a

dismissal is in "the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1).

In the instant case, and as set forth above, the entry of the Dismissal Order without notice and an opportunity to be heard precluded any party in interest from presenting evidence that dismissal was not in the best interest of creditors and Debtors' bankruptcy estates. Such lack of due process also precluded Debtors from demonstrating that the facts and posture of the Chapter 11 Cases do not demonstrate "a clear record of delay or contumacious conduct" by Debtors necessary to warrant a sanction of precluding Debtors from refiling their Chapter 11 Cases for a period of six (6) months. Indeed, Debtors were performing their obligations and duties in the Chapter 11 Cases and Debtors were actively working to develop what was likely to amount to a consensual plan of reorganization. Moreover, no creditor, nor the United States Trustee, came forward to complain of any delay in filing the Disclosure Statement or the Plan. Chapter 11 can be a bumpy process at times, but Debtors were actively communicating with interested parties and were progressing through their duties in the first 180 days of the Chapter 11 Cases. Further, TE stabilized its operations through the Chapter 11 Cases and was ready – and had its key clients, vendors, and supporters ready – for an emergence.  Further, and as set forth above, the Bankruptcy Court's reliance on the Motion for Relief of Stay concerning the Trinity surrendered equipment is simply misplaced. As a result, there was "no clear record of delay or contumacious conduct" and the entry of the Dismissal Order

-17-

without notice and an opportunity to be heard amounts to reversible error. Therefore, Appellants request the Court vacate the Dismissal Order and remand with instructions for the Bankruptcy Court to provide notice and set a hearing on the dismissal, to afford all partes in interest due process and an opportunity to be heard.

## VIII. CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court vacate the Dismissal Order and remand with instructions for the Bankruptcy Court to provide notice and set a hearing on the dismissal, to afford all partes in interest due process and an opportunity to be heard.

Date: August 13, 2025

Respectfully submitted,

**CLARK HILL PLC**

*/s/ Katherine T. Garber*
**KATHERINE T. GARBER**
State Bar No. 07626985
Federal Bar No. 10584
**NATALIE A. FLANAGAN**
State Bar No. 24143995
Federal Bar No. 3897731
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile
kgarber@clarkhill.com
nflanagan@clarkhill.com

*Counsel for Appellants, Trinity Excavators, LLC*
*and TE Construction Group, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing document complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(B)(i) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains 5,566 words.

The undersigned further certifies that the foregoing brief complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirement of Fed. R. Bankr. P. 8015(a)(5)(A) and (a)(6) because this document has been prepared in a proportionally-spaced typecase using Microsoft Word in 14-point Times New Roman font.

Date: August 13, 2025

*/s/ Katherine T. Garber*
**KATHERINE T. GARBER**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 13, 2025, a true and correct copy of the foregoing *Brief of Appellants, Trinity Excavators, LLC and TE Construction Group, LLC* was served electronically through the Court's ECF transmission facilities on all parties registered to receive ECF Notice.

*/s/ Katherine T. Garber*
**KATHERINE T. GARBER**

## STATEMENT OF RELATED CASES

The underlying case is *Trinity Excavators, LLC and TE Construction Group*,

LLC, Case No. 24-35266, currently awaiting closing with the United States

Bankruptcy Court for the Southern District of Texas Houston Division.


Date: August 13, 2025

Respectfully submitted,

**CLARK HILL PLC**

*/s/ Katherine T. Garber*
**KATHERINE T. GARBER**
State Bar No. 07626985
Federal Bar No. 10584
**NATALIE A. FLANAGAN**
State Bar No. 24143995
Federal Bar No. 3897731
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile
kgarber@clarkhill.com
nflanagan@clarkhill.com

*Counsel for Appellants, Trinity Excavators, LLC
and TE Construction Group, LLC*