United States District Court
Southern District of Texas

**ENTERED**

May 18, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE TRINITY EXCAVATORS, LLC, *et al.*, | § § § | |
| Debtors, | § § | CIVIL ACTION NO. H-25-2649 |
| | § § | BANKRUPTCY CASE NO. 24-35266 |
| TRINITY EXCAVATORS, LLC, *et al.*, | § § | |
| Appellants. | § § | |

**MEMORANDUM AND OPINION**

After the debtors, Trinity Excavators, LLC and TE Construction Group, LLC, failed to file a Chapter 11 plan despite multiple deadline extensions, the Bankruptcy Court dismissed the case with prejudice for 180 days.  In this appeal, Trinity and TE argue that it was an abuse of discretion for the Bankruptcy Court to dismiss the case with prejudice without notice and a hearing.  (Docket Entry No. 3).  Based on the brief, the record, and the applicable law, the court concludes that the Bankruptcy Court did not abuse its discretion in dismissing this case with prejudice.  The judgment of the Bankruptcy Court is affirmed, and this appeal is dismissed.  The reasons are set out below.

**I.      Background**

On November 6, 2024, Trinity Excavators, LLC and TE Construction Group, LLC filed petitions for relief under Chapter 11.  (Bankr. Docket Entry No. 1).[1]  The next day, the Bankruptcy Court entered an order stating that "not later than one hundred twenty (120) days after the date of entry of the Order for Relief herein, the Debtor shall file (a) a disclosure statement pursuant to 11

---

[1] As in Trinity and TE's brief, the court's references to "Bankr. Docket Entry No. ___" refer to docket entries in Bankruptcy Case No. 24-35266, the lead jointly-administered case of Trinity and TE.

U.S.C. Section 1125, and (b) a plan of reorganization pursuant to 11 U.S.C. Sections 1121 and 1123." (Bankruptcy Docket Entry No. 2 at 2).

On March 14, 2025, Trinity and TE filed a motion for entry of an order extending their time to file a Chapter 11 plan until March 28, 2025. (Bankr. Docket Entry No. 110 at 3). The Bankruptcy Court granted the motion. (Bankr. Docket Entry No. 111). Trinity and TE did not file a plan by that deadline. Instead, on March 28, 2025, Trinity and TE filed a second motion for an extension to file their plan no later than April 15, 2026. (Bankr. Docket Entry No. 116). The Bankruptcy Court again granted the motion. (Bankr. Docket Entry No. 117). The Bankruptcy Court warned that "[n]o further extensions will be permitted." (*Id.*).

On April 15, 2025, Trinity and TE filed a third motion for an extension. (Bankr. Docket Entry No. 119). They explained that the proposed order would "provid[e] a final extension of time by which Debtors must file a plan and disclosure." (*Id.* at 3). They asked to be allowed to file their plan no later than April 28, 2025. (*Id.*). The Bankruptcy Court granted the motion and extended the time to file through April 28, 2025. (Bankr. Docket Entry No. 120). Tracking the language of the proposed order that Trinity and TE had submitted, (Bankr. Docket Entry No. 119-1), the Bankruptcy Court's order was entitled "ORDER GRANTING DEBTORS' THIRD AND FINAL MOTION FOR ENTRY OF AN ORDER EXTENDING DEBTORS' PERIOD TO FILE A CHAPTER 11 PLAN." (Bankr. Docket Entry No. 120).

On April 28, 2025, Third Coast Bank, SSB, a secured creditor, filed a "Motion for Relief from Automatic Stay Against Collateral and Waiver of Thirty Day Hearing Requirement." (Bankr. Docket Entry No. 129). Third Coast sought relief from the automatic stay as to certain construction

2

equipment in Third Coast's possession.[2]  (*Id.*).  Trinity and TE did not file a plan by the April 28, 2025, deadline; the only filings on the docket that day were Third Coast's motion and a monthly operating report.  (Bankr. Docket Entry Nos. 127, 128, 129).

On April 30, 2025, the Bankruptcy Court entered an order dismissing the case with prejudice for 180 days.  (Docket Entry No. 131).  The order explained that the deadline had been extended three times and that Trinity and TE had not filed a plan by the extended deadline.  (*Id.*).

On May 1, 2025, Trinity and TE filed their disclosure statement, Chapter 11 plan, and first motion for reconsideration of the dismissal order.  (Bankr. Docket Entry Nos. 133, 134, 135). They explained that they had "actively worked to move their Chapter 11 Cases forward."  (Bankr. Docket Entry No. 135 at 3).  The next day, the Bankruptcy Court denied the motion.[3]  (Bankr. Docket Entry No. 137).  The Bankruptcy Court noted that not only did Trinity and TE violate a court order by failing to file a plan by the third extended deadline, the deadlines were dates *picked by* Trintiy and TE.  (*Id.* at 1).  The Bankruptcy Court also explained that the case "suffers from neglect and want of prosecution" because "[b]oth the debtors, debtors' counsel, and debtors' proposed local counsel failed to appear for a scheduled hearing on April 22, 2025."  (*Id.*; *see also* Bankr. Docket Entry Nos. 122, 124).  Under those circumstances, the Bankruptcy Court "c[ould not] agree with the motion's allegation that '[d]ebtors have actively worked to move their Chapter 11 Cases forward.'"  (Bankr. Docket Entry No. 137 at 1).  The Bankruptcy Court also noted that

---

[2] In November 2022, Trinity and Brian Buttry, as borrowers, executed a U.S. Small Business Administration Note payable to Third Coast, as lender, in the original principal amount of $2,605,000.  (Bankr. Docket Entry No. 129 at 2).  Buttry and Trinity entered a security agreement pledging various property in trust for the benefit of Third Coast to secure payment of the SBA Note.  (*Id.*).  Third Coast allegedly perfected the lien.  (*Id.* at 3).  Third Coast's security interest in Trinity's property included a variety of construction equipment, including dump trucks and excavators.  (*Id.*).

[3] The Bankruptcy Court also denied Trinity and TE's motion for expedited consideration of the motion to reconsider.  (Bankr. Docket Entry No. 137 (denying Bankr. Docket Entry No. 136)).

Third Coast's motion for relief from stay "place[d] serious doubt" on TE and Trinity's allegation that no creditor would be prejudiced by granting the motion. (*Id.* at 2).

On May 14, 2025, Trinity and TE filed a second motion for reconsideration. (Docket Entry No. 142). Third Coast also filed a motion for reconsideration. (Docket Entry No. 144). Trinity and TE stated that they "wholly disagree[d] with the Court's conclusion and decision to *sua sponte* dismiss the Chapter 11 Cases" and that it was improper for the Bankruptcy Court to dismiss without notice and a hearing. (Bankr. Docket Entry No. 142 at 2–3 (citing *In re Irasel Sand, LLC*, 559 B.R. 433, 439 (Bankr. S.D. Tex. 2017); *In re Odam*, No. 17-50035-RLJ7, 2019 Bankr. LEXIS 1229, at *9 (Bankr. N.D. Tex. Apr. 16, 2019); *In re Maher*, No. 12-2718, 2013 U.S. Dist. LEXIS 138505, at *1 (E.D. La. Sep. 23, 2013); *In re Tennant*, 318 B.R. 860, 870 (9th Cir. 2004)).[4] Third Coast argued that the dismissal was improper not only because there was no notice and a hearing, but also because the Bankruptcy Court did "not make an evidentiary finding as to what is in the best interest of the estate or the creditors." (Docket Entry No. 143 at 4).

On May 19, 2025, the Bankruptcy Court denied the motions for reconsideration. (Bankr. Docket Entry No. 145). The Bankruptcy Court reiterated its prior reasoning that Trinity and TE had failed to comply with multiple deadlines that they selected and the Bankruptcy Court ordered, and that the appropriate result for the violations of the court's orders was dismissal. (*Id.* at 1). The Bankruptcy Court responded to the due process argument in a thorough footnote:

> The debtor generally raises the argument of a lack of "due process" in the dismissal of the bankruptcy case. Due process is by definition the legal principle that insures fair treatment through the normal judicial system or process. The Court hold[s] that the debtor has received fair treatment in this case for the following restated reasons: (1) the initial order setting a deadline for filing a Chapter 11 plan; (2) three successive extensions of the deadline for filing a Chapter 11 plan **to dates chosen**

---

[4] In a footnote, Trinity and TE apologized for the failure of counsel to attend the April 22, 2025, hearing. (Bankr. Docket Entry No. 142 at 10 n.2).

> **by the debtor**; (3) the failure to timely file a plan by a date **chosen by the debtor**; and (4) the failure to attend a hearing **self-calendared by the debtor**.

(*Id.*).  The Bankruptcy Court added that no hearing was necessary because the case was dismissed for failure to follow court orders; that the violation was evident from the docket; and that the court had inherent authority to enforce its own orders.  (*Id.* at 2).  The Bankruptcy Court also concluded that "there has been limited evidence produced showing creditors were not prejudiced by the delay."  (*Id.* at 1).  The Bankruptcy Court noted that Third Coast was not the only creditor in the case, and that 31 Proof of Claim had been filed.  (*Id.*).  The Bankruptcy Court concluded that "[c]reditors of the debtor, irrespective of Third Coast, have all been negatively impacted by the delay of the debtor and its failure to properly prosecute this case."  (*Id.* at 2).

On June 2, 2025, Trinity and TE timely appealed the district court's dismissal order.[5] (Bankr. Docket Entry No. 149).  There is only a single brief in this appeal.  (Docket Entry No. 3).

## II.     Jurisdiction and Legal Standard

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334(b) and 157(b)(2)(A).  This court has jurisdiction under 28 U.S.C. § 158.  *See In re Benzeen Inc.*, B.A.P. No. CC-18-1185-FLS, 2019 WL 1096334, at *3 (B.A.P. 9th Cir. Mar. 6, 2019).  A bankruptcy court's decision to dismiss a case sua sponte is reviewed for abuse of discretion.  *See id.*

## III.    Analysis

---

[5] The Bankruptcy Court entered its order of dismissal on April 30, 2025.  (Bankr. Docket Entry No. 131). Trinity and TE filed their second motion for reconsideration on May 14, 2025.  (Bankr. Docket Entry No. 142).  The Bankruptcy Court denied the second motion for reconsideration on May 19, 2025.  (Bankr. Docket Entry No. 145).  Rule 59 and Rule 60 (Trinity's and TE's motions mention both as possible bases for reconsideration) apply in bankruptcy cases through Rule 9023 and Rule 9024.  Under Rule 8002, Trinity and TE had 14 days to file their appeal from the Bankruptcy Court's order disposing of the last remaining motion for reconsideration under Rule 9023 or Rule 9024.  And under Rule 9006, the clock did not start running until May 20, 2025.  So, Trinity and TE had to file their notice of appeal no later than June 2, 2025. The notice of appeal was filed on June 2, 2025.  The appeal was timely.

This case presents two related questions on appeal: (1) did the Bankruptcy Court abuse its discretion by dismissing the case without notice and a hearing; and (2) even if dismissal without prejudice would have been proper, did the Court abuse its discretion by dismissing the case with prejudice?  For the largely same reasons the Bankruptcy Court articulated in denying the multiple motions for reconsideration, the court concludes that the answer is no.

Trinity and TE's position is that before a bankruptcy court can sua sponte dismiss a case under either 11 U.S.C. § 1112 or § 105(a), it must ensure proper notice and a hearing.  (Docket Entry No. 3 at 8).[6]  "Generally speaking," Trinity and TE are correct.  *In re Benzeen Inc.*, 2019 WL 1096334, at *3.  "Section 11 U.S.C. § 1112(b) provides that 'after notice and a hearing' a court may dismiss a chapter 11 case 'for cause.'"  *Id.* at *4.  Section 102(1) then defines "after notice and a hearing":

> (1) "after notice and a hearing", or a similar phrase—
>     (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
>     (B) authorizes an act without an actual hearing if such notice is given properly and if—
>         (i) such a hearing is not requested timely by a party in interest; or
>         (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such an act[.]

In addition, 11 U.S.C. § 105(a) states that:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

---

[6] The Bankruptcy Court did not specify its authority for sua sponte dismissing the case, and bankruptcy courts generally rely on § 1112(b) alone, § 105(a) alone, or § 1112(b) alongside § 105(a) to sua sponte dismiss on similar grounds.  *See In re Irasel Sand*, 569 B.R. 433, 439 (Bankr. S.D. Tex. 2017) (discussing both § 1112(b) and § 105(a)); *In re Benzeen*, 2019 WL 1096334, at *3 (discussing only § 1112(b)); *In re Tennant*, 318 B.R. at 869 (discussing only § 105(a)).  The bankruptcy court in *In re Irasel Sand* explained that "[w]hile § 1112(b) provides that a 'party in interest' can make a request for dismissal, when read in conjunction with § 105, judges in the Southern District of Texas, and various other courts, have concluded that a bankruptcy court has power to dismiss a case *sua sponte* for cause."  569 B.R. at 439.

Trinity and TE cite various cases asserting the basic principle that notice and a hearing are generally required before a Bankruptcy Court may sua sponte dismiss.  These cases recognize that "[t]he concept of notice and a hearing is flexible and depends on what is appropriate in the particular circumstance."  *In re Benzeen*, 2019 WL 1096334, at *4 (quoting *In re Tennant*, 318 B.R. at 870–71); *see also In re Irasel Sand*, 569 B.R. at 439 (quoting the same from *In re Tennant*).  Not all circumstances require supplemental notice or a live hearing.  For example, courts have held that "[a] procedure may be 'perfectly appropriate' if it 'notifies the debtor of the deficiencies in his petition and dismisses the case sua sponte without further notice and a hearing when the debtor fails to file the required forms within a deadline.'"  *In re Benzeen*, 2019 WL 1096334, at *4 (quoting *In re Tennant*, 318 B.R. at 870–71).

A survey of the case law demonstrates that the Bankruptcy Court's sua sponte dismissal for Trinity's and TE's failure to follow its clear instructions did not violate due process.  In *In Re Minkes*, a foundational case, the Bankruptcy Appellate Panel of the Eighth Circuit reversed the bankruptcy court after it sua sponte dismissed a case without notice and a hearing because the debtor's plan was "incomplete and incomprehensible."  237 B.R. 476 (B.A.P. 8th Cir. 1999).  The clerk of the bankruptcy court had previously issued two notices of deficiencies in the debtor's filings and warned the debtor that his case would be dismissed if he did not comply.  *Id.* at 478.  The debtor complied with both notices and his case was not dismissed.  *Id.*  However, the bankruptcy court later sua sponte dismissed on the ground that the debtor's plan was incomprehensible.  *Id.*  In reversing, the Bankruptcy Appellate Panel was clear that the bankruptcy court erred by sua sponte dismissing the case on *substantive* grounds without notice and a hearing, but that there would have been no error had the court sua sponte dismissed earlier if the debtor had failed to comply with the notices, which were a matter of *procedure*:

7

> Our holding should not hamper the bankruptcy court's ability to administer its cases. For example, we think the court's handling of the debtor's original filings was perfectly appropriate. The debtor was given notice of serious deficiencies in his filing and failure to comply with the Federal Rules of Bankruptcy Procedure and Forms, was given a deadline to cure those deficiencies, and was told that his case would be dismissed if he failed. A subsequent dismissal would have been appropriate because the notice requirements would have been met, cause would have existed, and the requirement of a request of a party in interest obviated since the court would be dismissing based on the debtor's failure to comply with its court's order and rules.

*Id.* at 478–79.

Other courts have followed *In re Minkes* in distinguishing between sua sponte dismissals on substantive grounds (which require proper notice and a hearing) and sua sponte dismissals on procedural grounds (which do not, so long as debtors are aware of the procedural issues and the risk of dismissal). In *In re Tennant*, for example, the Bankruptcy Appellate Panel of the Ninth Circuit affirmed the bankruptcy court's sua sponte dismissal after the debtor failed to file missing documents within 15 days of the court's order; the bankruptcy court had warned that failure to comply would lead to dismissal. 318 B.R. at 871. In affirming, the *In re Tennant* court "appl[ied] the standards in *Minkes*" and concluded that "notice was reasonably calculated and an actual hearing was not necessary." 318 B.R. at 871. The Panel noted that "the dismissal was not based on a determination of substantive issues" but was "solely a procedural matter." *Id.* When bankruptcy courts have erred by sua sponte dismissing on procedural grounds, that error occurs because there was inadequate notice of the possibility of dismissal based on the facts of that case. *See In re Benzeen Inc.*, 2019 WL 1097334, at *4; *In re Maher*, Civ. Action No. 12-2718, 2013 WL 5428697, at *2 (E.D. La. Sep. 24, 2013) (reversing a dismissal with prejudice because there was no court order putting the debtor on notice).

This case does not present such a problem. As the Bankruptcy Court correctly pointed out, Trinity and TE asked for and obtained three extensions and still failed to file a Chapter 11 plan by

8

the deadline they asked the court to impose.  There is no persuasive argument that Trinity, TE, and their creditors were "surprised" by the dismissal or that it violated due process.  (Docket Entry No. 3 at 20).  The Bankruptcy Court had warned that "[n]o further extensions" would be permitted in granting the second extension.  When the Bankruptcy Court later—and generously—granted a third extension, it labeled that extension as the "final" extension.  That "final" language came from Trinity's and TE's own motion and proposed order.  In other words, the Bankruptcy Court treated the April 28, 2025, as a drop-dead deadline because two previous extensions had been granted and "final" is how Trinity and TE characterized the third extension.  Trinity and TE have pointed this court to no case law showing that under the "particular circumstances" of this case, it was an abuse of discretion for the court to sua sponte dismiss the case after Trinity and TE repeatedly failed to meet their own deadlines, including a self-imposed and clearly labeled "final" deadline.  *See In re Hammers*, 988 F.2d 32, 25 (5th Cir. 1993) (affirming a sua sponte dismissal because the appellant had long had notice of the issue upon which the case was dismissed).

Trinity and TE have also provided no basis for this court to reverse the Bankruptcy Court based on the fact that Third Coast also filed a motion for reconsideration.  "[F]ailure to comply with an order of the court" provides the "cause" necessary to dismiss under the Bankruptcy Code. 11 U.S.C. § 1112(b)(1), (4)(E); *see also In re Minkes*, 237 B.R. at 478–79.  "Once cause for relief is shown, the court has broad discretion for dismissing."  *In re Gonic Realty Tr.*, 909 F.2d 624, 626–27 (1st Cir. 1990).  The Bankruptcy Court was not required to give an "exhaustive reason" for its decision.  *See In re Koerner*, 800 F.2d 1358, 1368 (5th Cir. 1986).  Although Trinity and TE rely heavily on the fact that Third Bank wanted the bankruptcy proceedings to move forward, the Bankruptcy Court had a "duty" to ensure that the case was "prosecuted timely and fairly, taking into consideration the interests of *all* creditors."  *In re Perry*, 394 B.R. 852, 859 (Bankr. S.D. Tex.

2008) (emphasis added).  It is a basic principle that "[d]ebtors are often benefited by delay, but creditors are usually sufferers."  *Brooklyn City & N.R. Co. v. Nat'l Bank of the Republic*, 102 U.S. 14, 26 (1880).  That the creditor behind one of 31 Proofs of Claim wanted the case to move forward does not mean that the Bankruptcy Court erred by dismissing the case, particularly given—as the Bankruptcy Court explained in denying the second motion for reconsideration—that Third Coast did not have a secured claim and made up less than half the total amount claimed.  (Bankr. Docket Entry No. 145 at 1–2).

Finally, the Bankruptcy Court did not abuse its discretion by dismissing this case with prejudice.  In the Fifth Circuit, dismissals with prejudice for failure to prosecute are generally affirmed when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."  *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).  Trinity and TE argue that there is no "clear record of delay or contumacious conduct," (Docket Entry No. 3 at 23), but that assertion is belied by the record, which shows that not only did Trinity and TE fail to meet their own deadlines, but that they failed to show up for a court-ordered hearing.[7]  As detailed above, the Bankruptcy Court provided multiple extensions, including one additional extension after it had already warned that no further extensions would be granted.  The Fifth Circuit has recognized that providing a party with multiple extensions "is *itself* 'a lenient sanction, which, when met with further default, may justify imposition of the ultimate sanction of dismissal with prejudice.'"  *In re Taxotere (Docetaxel)*

---

[7] Trinity and TE's brief does not acknowledge their failure to attend the April 22, 2025, hearing.

10

*Prods. Liab. Litig.*, 966 F.3d 351, 360 (5th Cir. 2020) (quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985) (per curiam)).

In sum, the Bankruptcy Court did not abuse its discretion in dismissing this case, with prejudice, after Trinity and TE failed to timely file their Chapter 11 plan.

## IV.    Conclusion

The court affirms the Bankruptcy Court's order dismissing the case with prejudice for 180 days.  This appeal is dismissed.  An order of dismissal is separately entered.

SIGNED on May 18, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge